IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA and DONNA MAE AMINA, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>WMC FINANCE CO., et al.,<br><br>Defendants. | CIVIL NO. 18-00143-DKW-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## Table of Contents

Table of Authorities ..................................................................................... iii

I. INTRODUCTION .....................................................................................2

II. SUMMARY OF BACKGROUND FACTS ................................................3

A. Defendants Request The Court Take Judicial Notice Of The Court Filings In The Prior Lawsuits Filed By Plaintiffs ..........3

B. General History Of The Dispute Between The Parties .......................5

C. The Mortgages At Issue In The First Lawsuit And Second Lawsuit .............................................................................................6

D. The First Lawsuit (Civil No. 10-00165 JMS/KSC) Is Dismissed With Prejudice ......................................................................................7

E. The Second Lawsuit (Civil No. 11-00714 JMS/BMK) Is Also Dismissed ...........................................................................................9

F. The Current Lawsuit ..........................................................................10

III. STANDARD OF REVIEW .......................................................................11

IV. THE PLAINTIFFS' CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA ....................................................................................12

A. Res Judicata Applies To The Plaintiffs' Current Lawsuit ................12

B. The Plaintiffs' Claims Are Barred By Res Judicata (Claim Preclusion) ..............................................................................13

1. The claims asserted by the Plaintiffs were asserted or could have been asserted in the two prior lawsuits ............14

2. The parties to this action are identical or in privity ................17

3. Final Judgments were issued on the merits ............................19

C. The Plaintiffs' Claims Are Also Barred By The Doctrine Of Issue Preclusion ..................................................................21

V. THE PLAINTIFFS' CLAIMS ARE ALSO BARRED BY OTHER APPLICABLE LEGAL DEFENSES ........................................................22

A. The Plaintiffs' FDCPA Claims Are Barred By The One Year Statute Of Limitations ..........................................................22

B. Plaintiffs' Chapter 480 Claims Are Also Barred By The Statute of Limitations ..................................................................25

C. Plaintiffs' TILA Claims Are Also Barred By The Statute Of Limitations For Such Claims ..........................................................28

D. The Plaintiffs' Accounting Claim Should Be Dismissed Because There Is No Legal Basis For Plaintiffs To Compel An Accounting ......................................................................30

E. The Plaintiffs' Claim For Relief Under Rule 60 Should Be Dismissed ..........................................................................30

F. The Plaintiffs' Claims For Injunctive Relief Should Be Dismissed ..........................................................................31

VI. MERSCORP HOLDINGS, INC. IS NOT A PARTY IN INTEREST AND AS SUCH SHOULD BE DISMISSED FROM THIS ACTION .......31

VII. CONCLUSION ..........................................................................33

## Table of Authorities

**Cases** **Page(s)**

*Albano v. Norwest Fin. Haw., Inc.,*
244 F.3d 1061, 1063 (9th Cir. 2001) ....................13

*Amina v. Bank of N.Y. Mellon Corp.*,
694 F. App'x 492 (9th Cir. 2017) .................... 9, 10

*Amina v. Bank of N.Y. Mellon, No. 11-00714 JMS/BMK*,
2015 U.S. Dist. LEXIS 1244 (D. Haw. Jan. 7, 2015) .................... 6-7, 9

*Amina v. WMC Mortg. Corp.*,
554 F. App'x 555 (9th Cir. 2014) .................... 9

*Amina v. WMC Mortg. Corp., No. 10-00165 JMS/KSC*,
2011 U.S. Dist. LEXIS 96334 (D. Haw. Aug. 25, 2011) ... 6, 7, 8, 24, 29, 30, 31

*Amina v. WMC Mortg. Corp.*,
2012 U.S. Dist. LEXIS 23868, *6, 2012 WL .................... 9

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) .................... 12

*Autotel v. Nev. Bell Tel. Co.*,
697 F.3d 846 (9th Cir. 2012) .................... 11

*Balistreri v. Pacifica Police Dep't.*,
901 F.2d 696 (9th Cir. 1988) .................... 11

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 (2007) .................... 12

*Bremer v. Weeks*,
104 Hawai'i 43, 54, 85 P.3d 150, 161 (2004) ....................21

*Bridge Aina Le'a, LLC v. State of Haw. Use Comm'n.*,
125 F. Supp. 3d 1051 (D. Haw. 2015) .................... 21, 22

*Colonial Penn Ins. Co. v. Coil*,
887 F.2d 1236 (4th Cir. 1989) .................... 3

*Craig v. Cty. of Maui*,
157 F. Supp. 2d 1137 (D. Haw. 2001) .......................................................... 14

*In re* Dowsett,
7 Haw. App. 640, 644, 791 P.2d 398, 402 (Haw Ct. App. 1990) ...............13, 17

*Halkin v. VeriFone Inc.*
(In re VeriFone Sec. Litig.), 11 F.3d 865 (9th Cir. 1993) ................................ 12

*Inland Concrete Enters. v. Kraft*,
318 F.R.D. 383 (C.D. Cal. 2016) ..................................................................... 31

*Lee v. City of Los Angeles*,
250 F.3d 668, 689 (9th Cir. 2001) .......................................................................5

*Lyons v. Michael & Assocs.*,
824 F.3d 1169 (9th Cir. 2016) .......................................................................... 23

*Magbual v. Fannie Mae, No. 16-00428 HG-KSC*,
2016 U.S. Dist. LEXIS 179591 (D. Haw. Dec. 29, 2016) .......................... 15, 17

*Mangum v. Action Collection Serv., Inc.*,
575 F.3d 935 (9th Cir. 2009) ............................................................................ 23

*McDevitt v. Guenther*,
522 F. Supp. 2d 1272 (D. Haw. 2007) .......................................................... 25

*Niutupuivaha v. Wells Fargo Bank, N.A., No. CIV. 13-00172 LEK*,
2013 U.S. Dist. LEXIS 168734 WL 6210634, at *5 (D. Haw.
Nov. 27, 2013) .................................................................................................. 18

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708, 713 (9th Cir. 2001) .....................................................................13

*Paganis v. Blonstein*,
3 F.3d 1067, 1071 (7th Cir. 1993) .....................................................................20

*Pedrina v. Han Kuk Chun*,
906 F. Supp. 1377 (D. Haw. 1995) ..................................................... 13, 14, 17

*Pedrina v. Chun*,
97 F.3d 1296 (9th Cir. 1996) .................................................................13, 17, 20

*Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.*,
948 F. Supp. 2d 1131 (D. Haw. 2013) .............................................................. 5

*Robert's Waikiki U-Drive, Inc. v. Budget Rent-A-Car Sys., Inc.*,
491 F. Supp. 1199 (D. Haw. 1980) ................................................................ 28

*Rundgren v. The Bank of New York Mellon*,
2010 U.S. Dist. LEXIS 110130 WL 4066878, at *6 (D. Haw. Oct. 14, 2010) ........................................................................................ 25, 26

*Santos v. State of Hawaii*,
64 Haw. 648, 652, 646 P.2d 962 (1982) .........................................................13

*Smith v. Bank of Am. N.A.*,
2013 WL 4735632, *3 (W.D. Mo. Sept. 3, 2013) ........................................... 32

*Stewart v. United States Bancorp*,
297 F.3d 953 (9th Cir. 2002) ................................................................ 12-13, 20

*Swartz v. City Mortg., Inc.*,
911 F. Supp. 2d 916 (D. Haw. 2012) ......................................................... 26, 28

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
971 F.2d 244 (9th Cir. 1992) ........................................................................... 3

*United States v. Bestfoods*,
524 U.S. 51 (1998) ......................................................................................... 32

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ........................................................................... 5

**Federal Statutes**

15 U.S.C. § 1692k ......................................................................................... 23, 24

15 U.S.C. § 1692g(a)(5) ................................................................................. 23, 24

**State Statutes**

Haw. Rev. Statutes § 480-24 ...................................................................... 25, 27, 28

**Rules**

Federal Rules of Civil Procedure 12 .......................................................... 2, 11, 20
Federal Rules of Civil Procedure 19 ................................................................... 20
Federal Rules of Civil Procedure 41 ................................................................... 20
Federal Rules of Civil Procedure 60 ..................................................... 10-11, 30-31
Federal Rules of Evidence Rule 201 ................................................................. 3, 4

MEMORANDUM IN SUPPORT OF MOTION

I. INTRODUCTION

Defendants JPMorgan Chase Bank, N.A., Individually and as Servicer of the JPMorgan Mortgage Acquisition Trust 2006-WMC2; JPMorgan Chase & Co.; J.P. Morgan Acceptance Corporation I; J.P. Morgan Mortgage Acquisition Crop.; J.P.Morgan Securities LLC; U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2; MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc.[1] (collectively, "Defendants") seek an order dismissing all claims filed against them under Federal Rules of Civil Procedure 12(b)(6). The instant lawsuit is Plaintiffs Melvin Keakaku Amina and Donna Mae Amina's (collectively, "Plaintiffs") third attempt to invalidate the mortgage recorded against their property. A copy of the Complaint filed by the Plaintiffs in this case is attached hereto as Exhibit A. The Plaintiffs failed in their first two lawsuits filed against virtually the same defendants and their third attempt

[1] Defendants JPMorgan Chase Bank, N.A., Individually and as Servicer of the JPMorgan Mortgage Acquisition Trust 2006-WMC2; JPMorgan Chase & Co.; J.P. Morgan Acceptance Corporation I; J.P. Morgan Mortgage Acquisition Corp.; J.P. Morgan Securities LLC; and U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 shall herein after sometimes be collectively referred to as the "**Chase Defendants**." MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc. shall herein after sometimes be collectively referred to as the "**MERS Defendants**."

should likewise be dismissed as well. Specifically, the Plaintiffs' claims asserted in the instant lawsuit are barred by the doctrine of res judicata. In addition, their claims are also barred by other legal defenses, including, but not limited to, the expiration of the applicable statutes of limitations. As such, the Plaintiffs' claims asserted in this third lawsuit should be dismissed for a failure to state a claim upon which relief can be granted.

## II. SUMMARY OF BACKGROUND FACTS

### A. Defendants Request The Court Take Judicial Notice Of The Court Filings In The Prior Lawsuits Filed By Plaintiffs

The Defendants hereby request that the Court take judicial notice of the files, records, and findings in the two prior lawsuits[2] filed by the Plaintiffs relating to this property and the mortgages at issue. Federal Rules of Evidence Rule 201 allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b)(2). This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal citations omitted). Courts regularly

[2] The last operative complaints filed by the Plaintiffs in their two prior lawsuits are attached hereto as Exhibits B & C.

take judicial notice of facts from court documents. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal citations omitted). Accordingly, the files, records, and findings in the prior two lawsuits are directly related to the matter at hand because, as explained in detail below, the Court has already ruled on nearly identical claims brought by the Plaintiffs against the same defendants. As a result, the claims are barred by res judicata[3].

[3] Specifically, the Defendants request that the Court take judicial notice of the following:

- The Court's May 13, 2011 Order (1) Granting Defendants WMC Mortgage LLC and General Electric Company's Motion For Judgment On The Pleadings, Doc. No. 64; and (2) Granting In Part And Denying In Part Defendant LCS Financial Services Corporation's Motion For Summary Judgment, Doc. No. 57, which is attached hereto as Exhibit D;
- The Court's August 25, 2011 Order (1) Granting Defendants WMC Mortgage LLC and General Electric Company's Motion To Dismiss Second Amended Complaint, Doc. No. 92; and (2) Dismissing Other Claims, which is attached hereto as Exhibit E;
- The Court's January 30, 2012 Findings And Recommendation To Dismiss Action, which is attached hereto as Exhibit F;
- The Court's February 24, 2012 Order Adopting Magistrate Judge Kevin S.C. Chang's Findings And Recommendation To Dismiss Action, which is attached hereto as Exhibit G;
- The Court's January 7, 2015 Order Granting Defendants The Bank Of New York Mellon, fka The Bank Of New York And U.S. Bank National Association, As Trustee For J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2's Motion For Summary Judgment, Doc. No. 140, which is attached hereto as Exhibit H;

Moreover, "[i]n the context of a motion to dismiss, a court may take judicial notice under Fed. R. Evid. 201 of 'matters of public record' without converting the motion to dismiss into a motion for summary judgment." Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc., 948 F. Supp. 2d 1131, 1143 (D. Haw. 2013) (citing Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001)); see also, United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (stating that the Court may "consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment"). Consequently, this Court should take judicial notice of the files in the prior two lawsuits filed by the Plaintiffs without converting the present motion into a motion for summary judgment.

B. General History Of The Dispute Between The Parties

At issue in this case is a debt that has been the subject of extensive litigation between the parties since 2010. The Plaintiffs filed two prior lawsuits regarding the exact same loans, both of which were decided by the United States District Court for the District of Hawaii in favor of the various Defendants. The

---

- The Ninth Circuit's January 14, 2014 Memorandum Opinion, which is attached hereto as Exhibit I; and
- The Ninth Circuit's May 24, 2017 Memorandum Opinion, which is attached hereto as Exhibit J.

first lawsuit, entitled Melvin Keakaku Amina, et. al. v. WMC Mortgage, Corp., et. al, Civil No. 10-00165 JMS/KSC, was filed on March 20, 2010 (the "First Lawsuit"). The second lawsuit, entitled Melvin Keakaku Amina, et al. v. The Bank Of New York Mellon, fka The Bank Of New York, et al., Civil No. 11-00714 JMS/BMK (the "Second Lawsuit") was filed on November 28, 2011. Each of these lawsuits are discussed in further detail below.

C. The Mortgages At Issue In The First Lawsuit And Second Lawsuit

The mortgages at issue in the First Lawsuit and the Second Lawsuit were the exact same mortgages. As part of the First Lawsuit, the Court made the following statements about the mortgages at issue in this case: "As alleged in the SAC, in February 2006, Plaintiffs entered into two mortgage loans from WMC, one for $880,000, and another for $220,000, to purchase the subject property. . . . The mortgages list Mortgage Electronic Registration Systems, Inc., as the mortgagee, solely as nominee for WMC." Amina v. WMC Mortg. Corp., No. 10-00165 JMS/KSC, 2011 U.S. Dist. LEXIS 96334, at *3-4 (D. Haw. Aug. 25, 2011) (internal quotations omitted)[4].

As part of the Second Lawsuit, the Court made the following statements about the mortgages at issue in that case: "Defendants assert that Plaintiffs entered into two mortgage loan transactions with WMC in 2006 on the

[4] A copy of this opinion is attached hereto as Exhibit E for the Court's reference.

subject property -- executing two mortgages in favor of WMC on the subject property, and executing two notes in the amounts of $880,000 and $220,000. . . . In their depositions, Plaintiffs acknowledged that they obtained two mortgage loans from WMC for the subject property in these amounts." Amina v. Bank of N.Y. Mellon, No. 11-00714 JMS/BMK, 2015 U.S. Dist. LEXIS 1244, at *4 (D. Haw. Jan. 7, 2015) (internal citations omitted)[5]. Accordingly, it is undisputed that the mortgages at issues in the First Lawsuit and the Second Lawsuit are the same.

D. The First Lawsuit (Civil No. 10-00165 JMS/KSC) Is Dismissed With Prejudice

The Court in Civil No. 10-00165 JMS/KSC summarized the initial complaint in the First Lawsuit as follows:

> On March 22, 2010, pro se Plaintiffs filed this action, and their Amended Complaint asserts claims for: (1) TILA violations against WMC and GE (Count I); (2) Quiet title against all Defendants (Count II); (3) RESPA violations against WMC, GE, MERS entities, and Chase entities (Count III); (4) FDCPA violations against Chase entities and LCS (Count IV); (5) FCRA violations against Chase entities and LCS (Count V); (6) Conspiracy to commit fraud and conversion against all Defendants (Count VI); (7) Conspiracy to commit fraud related to MERS against all Defendants (Count VII); (8) Unjust enrichment against all Defendants (Count VIII); and (9) Fraud in the inducement against WMC, GE, and MERS entities (Count IX).

---

[5] A copy of this opinion is attached hereto as Exhibit H for the Court's reference.

Amina v. WMC Mortg. Corp., No. 10-00165 JMS/KSC, 2011 U.S. Dist. LEXIS 52668, at *7-8 (D. Haw. May 13, 2011). The Court in the First Lawsuit further recognized as follows:

> On May 31, 2011, Plaintiffs filed their SAC, alleging claims for: (1) TILA violations against WMC, GE, "unknown owners of the evidence of the debt and/or owners of the note" (Count I); (2) Quiet title against MERS, Chase entities, "unknown owners of the evidence of the debt and/or owners of the note" (Count II); (3) RESPA violations against WMC, GE, MERS entities, and Chase entities (Count III); (4) FDCPA violations against Chase entities and LCS (Count IV); (5) FCRA violations against Chase entities and LCS (Count V); (6) Conspiracy to commit fraud against all Defendants (Count VI); (7) Conspiracy to commit fraud related to MERS against all Defendants (Count VII); (8) Unjust enrichment against all Defendants (Count VIII); and (9) Fraud in the inducement against WMC, GE, and MERS entities (Count IX).

Amina v. WMC Mortg. Corp., No. 10-00165 JMS/KSC, 2011 U.S. Dist. LEXIS 96334, at *5 (D. Haw. Aug. 25, 2011).

On August 25, 2011, the Court entered an Order (1) Granting Defendants WMC Mortgage LLC And General Electric Company's Motion To Dismiss Second Amended Complaint, Doc. No. 92; and (2) Dismissing Other Claims. See Exhibit E; see also, Amina v. WMC Mortg. Corp., No. 10-00165 JMS/KSC, 2011 U.S. Dist. LEXIS 96334, at *23 (D. Haw. Aug. 25, 2011). On January 30, 2012, the Magistrate issued Findings and Recommendations to Dismiss Plaintiffs' remaining claims pursuant to FRCP 41(b) for a failure to prosecute or comply with the Federal Rules or Local Rules. See Exhibit F; see

also, Amina v. WMC Mortg. Corp., 2012 U.S. Dist. LEXIS 23868, *6, 2012 WL 629135. The Court subsequently adopted the Magistrate's Findings and Recommendations and dismissed the matter **WITH PREJUDICE**. See Exhibit G; see also, Amina v. WMC Mortg. Corp., No. 10-00165 JMS/KSC, 2012 U.S. Dist. LEXIS 23867, at *9 (D. Haw. Feb. 24, 2012).

The Plaintiffs subsequently appealed the dismissal of the First Lawsuit and the Ninth Circuit affirmed the dismissal. See Exhibit I; see also, Amina v. WMC Mortg. Corp., 554 F. App'x 555, 555 (9th Cir. 2014).

E. The Second Lawsuit (Civil No. 11-00714 JMS/BMK) Is Also Dismissed

In the Second Lawsuit, the Court summarized the Plaintiffs' claim as follows: "Plaintiffs Melvin Keakaku Amina and Donna Mae Amina . . . assert a single claim against Defendants The Bank of New York Mellon, fka the Bank of New York . . . and U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-through Certificates, Series 2006-WMC2 . . . to quiet title to real property located at 2304 Metcalf Street #2, Honolulu, Hawaii 96822." Amina v. Bank of N.Y. Mellon, No. 11-00714 JMS/BMK, 2015 U.S. Dist. LEXIS 1244, at *1-2 (D. Haw. Jan. 7, 2015).

On January 7, 2015, the Court granted summary judgment in favor of the Defendants as to the Plaintiff's quiet title claim. See Exhibit H; see also, Amina v. Bank of N.Y. Mellon, No. 11-00714 JMS/BMK, 2015 U.S. Dist. LEXIS

1244, at *31 (D. Haw. Jan. 7, 2015). The Ninth Circuit subsequently affirmed the Court's grant of summary judgment in favor of the Defendants in that case. See Exhibit J; see also, Amina v. Bank of N.Y. Mellon Corp., 694 F. App'x 492, 493-94 (9th Cir. 2017).

F. The Current Lawsuit

On March 15, 2018, the Plaintiffs filed a new Complaint against the Defendants as well as WMC Finance Co. and Nationwide Title Clearing, Inc. (the "Complaint"). See Exhibit A. Based on the allegations raised in the current Complaint, there is no question that the Plaintiffs are asserting claims arising from the same property and mortgages that were at issue in the First Lawsuit and the Second Lawsuit. For example, in Paragraph 203 of the Complaint, the Plaintiffs claim to be the owners of the property identified as 2304 Metcalf Street #2, Honolulu, Hawaii 96822. Id. at ¶ 203. This is the exact same property that was at issue in the First Lawsuit and the Second Lawsuit. Cf. Exhibits B & C.

In the instant Complaint, the Plaintiffs have asserted the following eight causes of action: a Quiet Title claim (First Cause of Action), a Fair Debt Collection Practices Act claim (Second Cause of Action), a Real Estate Settlement Procedures Act claim (Third Cause of Action), an Accounting claim (Fourth Cause of Action), an Unfair And Deceptive Trade Practices claim under HRS Chapter 480 (Fifth Cause of Action), a Relief From Judgment claim under FRCP 60 (Sixth

Cause of Action), a Truth In Lending Act claim (Seventh Cause of Action), and a Declaratory Judgment claim (Eighth Cause of Action)[6]. As is explained in further detail below, the Plaintiffs' claims are either the exact same claims or substantially similar to the claims asserted in the First Lawsuit and the Second Lawsuit. Accordingly, the Complaint should be dismissed in its entirety as the Plaintiffs' claims are barred by the doctrine of res judicata and Plaintiffs have no legal or factual basis to re-raise the same claims that have already been rejected by both the District Court and the Ninth Circuit.

## III. STANDARD OF REVIEW

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). In deciding a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the complaint, and construe them in the light most favorable to the plaintiff. Autotel v. Nev. Bell Tel. Co., 697 F.3d 846, 850 (9th Cir. 2012). To survive a motion to dismiss, the complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is

[6] In their prayers for relief, the Plaintiffs requested that the Court issue certain injunctive relief.

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint need not generally contain detailed factual allegations, it must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Halkin v. VeriFone Inc. (In re VeriFone Sec. Litig.), 11 F.3d 865, 868 (9th Cir. 1993). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949.

## IV. THE PLAINTIFFS' CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA

### A. Res Judicata Applies To The Plaintiffs' Current Lawsuit

Res judicata bars parties from litigating any claims that were raised or that could have been raised in a prior lawsuit. Stewart v. United States Bancorp,

297 F.3d 953, 956 (9th Cir. 2002) (citing Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)) (internal quotations omitted). In determining whether or not a prior judgment in a case precludes bringing future claims, federal courts look to the forum state's laws. Stewart, 297 F.3d at 956 (citing Albano v. Norwest Fin. Haw., Inc., 244 F.3d 1061, 1063 (9th Cir. 2001); Pedrina v. Chun, 97 F.3d 1296, 1301 (9th Cir. 1996). The purpose of the doctrine of res judicata has been explained as follows:

> Generally, the doctrine of res judicata or former adjudication prevents parties from relitigating claims or issues that have already been decided by a competent tribunal. It protects the integrity of the courts and promotes reliance upon judicial pronouncements by requiring that the decisions and findings of the courts be accepted as undeniable legal truths. Res Judicata furthers the finality of legal disputes and eliminates the time and expense of relitigation by requiring that parties bring all claims arising out of a transaction, or series of connected transactions, in one action.

Pedrina v. Han Kuk Chun, 906 F. Supp. 1377, 1398 (D. Haw. 1995) (internal citations and quotations omitted. "Res judicata encompasses two distinct types of preclusion -- claim preclusion and issue preclusion." Id. at 1399 (citing Santos v. State of Hawaii, 64 Haw. 648, 652, 646 P.2d 962 (1982) and In re Dowsett, 7 Haw. App. 640, 644, 791 P.2d 398 (1990)).

> "Claim preclusion . . . bars plaintiffs from pursuing successive suits where the claim was either litigated or could have been litigated in the first action. It also bars defendants from pursuing a subsequent action that could have been raised as a defense or counterclaim in the first suit. By contrast, issue preclusion only bars relitigation of

> particular issues actually litigated and decided in the prior suit. Issue preclusion may be asserted in a subsequent action on a totally different claim."

Id. Under both principles of claim preclusion and issue preclusion, the Plaintiffs' claims are barred and the Complaint should be dismissed.

B. The Plaintiffs' Claims Are Barred By Res Judicata (Claim Preclusion)

Claim preclusion applies when "(1) the claim asserted in the action in question was or could have been asserted in the prior action; (2) the parties in the present action are identical to, or in privity with, the parties in the prior action; and (3) a final judgment on the merits was rendered in the prior action." Pedrina, 906 F. Supp. 1377 at 1399; see also, Craig v. Cty. of Maui, 157 F. Supp. 2d 1137, 1140-41 (D. Haw. 2001).

1. The claims asserted by the Plaintiffs were asserted or could have been asserted in the two prior lawsuits.

The Plaintiffs' claims in the current lawsuit are the same claims they brought in their First Lawsuit and Second Lawsuit or are claims that could have been brought in those actions. There is no question that the claims in the instant lawsuit arise out of the same set of facts and circumstances as the Plaintiffs' first two actions. In determining the identity of claims:

> The Hawaii Supreme Court has instructed that determining whether a litigant is essentially asserting the same claim in a second lawsuit requires an analysis of whether the second "claim" arises out of the same transaction as that of the first lawsuit. If the second claim concerns the same subject matter

> as that which was litigated in the first lawsuit, res judicata may apply if the issues raised in the second action could have been raised in the earlier state court lawsuit.

Magbual v. Fannie Mae, No. 16-00428 HG-KSC, 2016 U.S. Dist. LEXIS 179591, at *16 (D. Haw. Dec. 29, 2016) (internal citations omitted)[7]. Thus, under Hawaii law, the claims brought in the instant litigation need not necessarily be exactly identical to those brought in the prior actions. Rather, the current claims must have arisen out of the same transaction as the claims that were formerly brought or have arisen out of the same transaction as claims that could have been brought in the prior actions. Id.

The instant litigation arises out of the same mortgage loans taken out by the Plaintiffs in 2006 for the same real property located at 2304 Metcalf Street #2, Honolulu, Hawaii 96822, and identified by the same account number as the First Lawsuit and the Second Lawsuit.[8] The Plaintiffs also assert the same general operative facts: that the Defendants have violated certain statutory and regulatory provisions, that the Defendants committed various acts of fraud against the Plaintiffs, that the assignment of mortgage is invalid, that the Defendants are not entitled to foreclose against the Plaintiffs, and that the Defendants have made false

---

[7] A copy of this case is attached hereto for the Court's reference as Exhibit K.
[8] The Plaintiffs even reference the Second Lawsuit by Civil number in the current Complaint. See Exhibit A, ¶¶ 226, 229, 231, and 233. Thus, the Plaintiffs have all but admitted that the prior lawsuits are related to the current lawsuit.

claims against the property. Accordingly, the Plaintiffs cannot deny that their current claims arise out of the same set of facts and circumstances as the Plaintiffs' first two actions. As such, res judicata applies to bar the instant lawsuit.

In addition, a side-by-side comparison of the claims asserted across the Plaintiffs' three lawsuits demonstrates that many of the causes of action asserted in the current lawsuit are virtually identical to the claims that were dismissed in the prior to lawsuits. For example, the Plaintiffs asserted a quiet title claim in both the First Lawsuit and the Second Lawsuit. See Exhibit B, ¶¶ 148 – 160; Exhibit C, ¶¶ 47 – 54. Despite not prevailing on their two prior quiet title claims, the Plaintiffs have asserted a quiet title lawsuit once again in this current lawsuit. See Exhibit A, ¶¶ 378-396. The Plaintiffs also asserted claims for violations of the Fair Debt Collections Practices Act, the Real Estate Settlement Procedures Act, and the Truth In Lending Act in their First Lawsuit. See Exhibit B, ¶¶ 134 – 147; 161 – 205. The Plaintiffs have re-asserted claims under these same acts as part of the current lawsuit. See Exhibit A, ¶¶ 397-404, 405-413, and 443-459. Given that the majority of the Plaintiffs' causes of action in the current lawsuit are exactly the same as the claims raised in the First Lawsuit and the Second Lawsuit, these identical claims are barred by res judicata.

To the extent the Plaintiffs attempt to raise different claims than the ones asserted in the First Lawsuit or the Second Lawsuit, such as their claims for

Unfair and Deceptive Trade Practices, Accounting, Declaratory Relief and Injunctive Relief, these claims are still barred by res judicata because the Plaintiffs failed to raise them in their prior lawsuits. As discussed above, the instant lawsuit arises out of the exact same set of facts and circumstances as the Plaintiffs' first two actions. Thus, there is no reason why the Plaintiffs could not have raised these different causes of action as part of their first two lawsuits. Accordingly, any additional claims are barred by res judicata as well. See Pedrina, 906 F. Supp. at 1399 (stating that claim preclusion "bars plaintiffs from pursuing successive suits where the claim was either litigated or could have been litigated in the first action").

2. The parties to this action are identical or in privity.

Res judicata also applies to the Plaintiffs' claims in the current lawsuit because they are brought against the same defendants as those in the Plaintiffs' prior actions and/or against defendants that were in privity with the defendants from the prior actions. "Privity exists for the purposes of res judicata when a non-party's interests and rights are represented and protected by a party to the prior action." Magbual, 2016 U.S. Dist. LEXIS 179591, at *15 (citing Pedrina, 97 F.3d at 1302, (citing In re Herbert M. Dowsett Trust, 7 Haw. App. 640, 791 P.2d 398, 402 (Haw. Ct. App. 1990)). Courts liberally construe the scope of privity:

> Under Hawaii law, the concept of privity has moved from the conventional and narrowly defined meaning of mutual or

> successive relationships to the same rights of property to merely a word used to say that the relationship between one who is a party of record and another is close enough to include that other within res judicata.

Niutupuivaha v. Wells Fargo Bank, N.A., No. CIV. 13-00172 LEK, 2013 U.S. Dist. LEXIS 168734, 2013 WL 6210634, at *5 (D. Haw. Nov. 27, 2013)[9] (modifications removed) (citing In re Herbert M. Dowsett Trust, 791 P.2d at 402 and other cases).

In the Plaintiffs' First Lawsuit, they named the following defendants: (1) WMC Mortgage Corp.; (2) General Electric Company; (3) MERSCORP, Inc.; (4) Mortgage Electronic Registration Systems, Inc.; (5) Chase Home Finance, LLC; (6) Chase Home Finance, Inc.; (7) LCS Financial Services Corporation; and (8) Unknown Owners of the Evidence of the Debt and/or owners of the note. See Exhibit B. Of the eight defendants named in the First Lawsuit, Chase Home Finance, LLC is in privity with the Chase Defendants in the instant litigation. Chase Home Finance, LLC is specifically named as a defendant in the current lawsuit as "JPMorgan Chase Bank, N.A. successor by merger to Chase Home Finance, LLC." See id., at ¶¶ 118 and 119 (identifying JPMorgan Chase Bank, N.A. as the successor by merger to Chase Home Finance, LLC)." Id. All other Chase Defendants in the current lawsuit have privity with one another based on a

---

[9] A copy of this case is attached hereto for the Court's reference as Exhibit L.

parent company or subsidiary relationship among them. See Corporate Disclosures. Therefore, the parties in the First Lawsuit are the same or related to the Chase Defendants in the present lawsuit such that the privity prong is satisfied.

As to the MERS Defendants, MERSCORP Holdings, Inc. (f/k/a MERSCORP Inc.) ("MERSCORP") and Mortgage Electronic Registration Systems, Inc. ("MERS") are both named in the First Lawsuit and the present action.

As to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2, it was named as a Defendant in the Second Lawsuit. See Exhibit C. The instant litigation names the JPMorgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2. See Exhibit A. This party is the same party named in the Second Lawsuit except that the Plaintiffs neglected to reference U.S. Bank as the Trustee in the current case.

3. Final Judgments were issued on the merits.

The last factor of the claim preclusion analysis is satisfied because the dismissals in both the First Lawsuit and the Second Lawsuit constitute dismissals on the merits. "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" Stewart, 297 F.3d at 956 (citing

Paganis v. Blonstein, 3 F.3d 1067, 1071 (7th Cir. 1993) for the proposition that "with prejudice" is an accepted synonym for "adjudication on the merits" and thus finding that a dismissal that was silent on prejudice was considered a dismissal on the merits pursuant to Federal Rules of Civil Procedure 41(b) because the rule states that "unless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."); see also Pedrina, 97 F.3d at 1302 (stating that "Haw. R. Civ. P. 41(b) provides that an involuntary dismissal for want of prosecution shall operate as an adjudication upon the merits.") (internal quotations omitted).

The claims in the First Lawsuit were dismissed with prejudice via Motions To Dismiss brought under Rule 12 and Rule 41(b). The Second Lawsuit was dismissed via an Order Granting a Motion for Summary Judgment in favor of the Defendants. See Exhibit H. Under the standards cited above, these dismissals constitute judgments on the merits. Thus, the dismissals in both of the Plaintiffs' prior actions were dismissals on the merits that operate to preclude Plaintiffs from now relitigating the same claims.

Based on the foregoing, the Defendants can satisfy all elements of the claim preclusion analysis. Thus, the Plaintiffs' claims in the instant lawsuit are barred by res judicata.

C. The Plaintiffs' Claims Are Also Barred By The Doctrine Of Issue Preclusion

If it is determined that claim preclusion does not apply to some of the claims asserted by the Plaintiffs because those claims are different than the ones asserted in prior lawsuits, the Plaintiffs' claims in the current case are still barred by the doctrine of issue preclusion. "Issue preclusion, a doctrine distinct from the doctrine of claim preclusion, applies to a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." Bridge Aina Le'a, LLC v. State of Haw. Use Comm'n., 125 F. Supp. 3d 1051, 1068 (D. Haw. 2015) (citing Bremer v. Weeks, 104 Hawai'i 43, 54, 85 P.3d 150, 161 (2004)). Issue preclusion applies when:

> (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior adjudication.

Id. Factors one, two, and four of the issue preclusion analysis were previously discussed in earlier sections of this Memorandum regarding claim preclusion and, as discussed, the facts of the instant case satisfy those elements. Thus, the only factor that must still be analyzed is whether the prior issues decided in the Plaintiffs' first two lawsuits were essential to the final judgment.

"Under Hawaii law, an issue decided in a prior adjudication is essential to the final judgment when the final determination of the litigation would have changed if the issue had been decided differently." Id. Here, there is no question that the prior rulings by the Court were essential to the final judgments entered in favor of the Defendants. For example, virtually all of the prior claims asserted by the Plaintiffs in the First Lawsuit or the Second Lawsuit would have been decided differently if the Court had determined that there had been any fraud or misconduct by the Defendants in those cases. The Plaintiffs' prior claims would also have been decided differently if the Court had determined that the mortgages at issue were invalid or that the Defendants did not have rights in the property or loan at issue. Accordingly, the Defendants can satisfy all factors necessary for the application of the doctrine of issue preclusion and any claims not barred by the doctrine of claim preclusion are barred by issue preclusion.

## V. THE PLAINTIFFS' CLAIMS ARE ALSO BARRED BY OTHER APPLICABLE LEGAL DEFENSES

### A. The Plaintiffs' FDCPA Claims Are Barred By The One Year Statute Of Limitations

In addition to being barred by the doctrine of res judicata, the Plaintiffs' FDCPA claim (Second Cause of Action) against the Defendants is also barred by the one year statute of limitations applicable to FDCPA claims. It is well settled that "[a] claim under the FDCPA must be brought 'within one year from the

date on which the violation occurs.'" Lyons v. Michael & Assocs., 824 F.3d 1169, 1171 (9th Cir. 2016) (citing 15 U.S.C. § 1692k(d)). It is equally well settled that the Ninth Circuit applies the discovery rule to FDCPA claims. See Lyons v. Michael & Assocs., 824 F.3d 1169, 1171 (9th Cir. 2016); Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 939-41 (9th Cir. 2009). Under the discovery rule, "the general federal rule is that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." Mangum, 575 F.3d at 940.

In this case, the Plaintiffs' objection to the Defendants' efforts to collect on the debt goes back to 2010. As noted above, the Plaintiffs already filed two prior lawsuits against the Defendants. See Exhibits B &C. In the First Lawsuit, the Plaintiffs alleged, among other things, FDCPA violations arising from the then-Defendants' efforts to collect on the debt starting in 2010. For example, in support of their FDCPA claims asserted in the First Lawsuit, the Plaintiffs alleged the following facts:

- "The first communication was a letter from Defendants Chase Home Finance LLC and Chase Home Finance Inc dated February 3, 2010, titled 'Acceleration Warning (Notice of Intent to Foreclose)' related to 'Account 22917306'". See Exhibit B, ¶ 185.

- "Defendants Chase Home Finance LLC and Chase Home Finance Inc. failed to state, within five days of the initial communication, that it will provide name and address of original creditor if different from current creditor, in violation of § 1692g(a)(5)." Id. ¶ 188.

- "This letter is essentially an attempt to collect a debt which is not owed to Chase." Id. at ¶ 189.

In addition to this February 3, 2010 letter, the Plaintiffs alleged that there were multiple other communications that violated section 1692 as well[10]. See id. at ¶¶ 190 – 204. Based on these allegations, the Plaintiffs' knew about the Defendants' allegedly wrongful efforts to collect on the debt more than one year before they filed the current Complaint. Thus, their FDCPA claims asserted in the Complaint are barred under 15 U.S.C. § 1692k(d).

The Plaintiffs' allegations in the current Complaint indicate that they are trying to create new causes of action by continuing to dispute the same debt and re-raise the same issues that they lost in their prior two lawsuits. Accordingly, there is no question that the Plaintiffs are acting in bad faith. The Plaintiffs have already lost their opportunity to dispute the underlying debt and the Defendants' efforts to collect on the debt. Thus, the Court should reject their efforts to further delay collection of their debt and bar them from re-asserting the same claims.

---

[10] See also, Amina v. WMC Mortg. Corp., No. 10-00165 JMS/KSC, 2011 U.S. Dist. LEXIS 52668, at *2-7 (D. Haw. May 13, 2011) for a detailed discussion of the letters and communications exchanged between the Plaintiffs and the Defendants about the debt at issue.

B. Plaintiffs' Chapter 480 Claims Are Also Barred By The Statute of Limitations

Plaintiffs' Unfair and Deceptive Trade Practices ("UDAP") claims (Fifth Cause of Action) are also barred by HRS Chapter 480's Statute of Limitations. HRS § 480-24 provides a clear and definite four year statute of limitations period for a consumer to bring a claim under Chapter 480. See HRS § 480-24 ("Any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues[.]"). In Hawaii, UDAP claims accrue at the time of the violation and are not subject to the discovery rule but rather the occurrence rule. See McDevitt v. Guenther, 522 F. Supp. 2d 1272, 1289 (D. Haw. 2007) ("The Court holds that the applicable rule governing the statute of limitations for claims arising under Haw. Rev. Stat. § 480-2 is the occurrence rule."); see also Rundgren v. The Bank of New York Mellon, 2010 U.S. Dist. LEXIS 110130, 2010 WL 4066878, at *6 (D. Haw. Oct. 14, 2010)[11] (the "four-year period begins to run from the date of the occurrence of the violation, as opposed to the discovery of the alleged violation."). In Rundgren, the plaintiffs' claims for unfair and deceptive trade practices under Chapter 480 arose out of a loan transaction entered into on February 15, 2005. The Plaintiffs in

[11] A copy of this case is attached hereto for the Court's reference as Exhibit M.

Rundgren, however, failed to bring their claims until March 10, 2010 and the claims were, therefore, dismissed.  Id.

In this case, the Plaintiffs have alleged two unfair and deceptive acts: the recording of a forged assignment of mortgage and the mailing of important letters under the pseudonym "Chase."  Exhibit A, ¶¶ 424 and 425.  According to the Complaint, the allegedly fraudulent assignment of mortgage was recorded as Document No. A-44770919.  Id. at ¶ 240.  Plaintiffs further claim that the signature date of the allegedly fraudulent assignment is March 22, 2012.  Id. at 242.  The Plaintiffs have also claimed that the allegedly fraudulent assignment of mortgage was recorded on April 4, 2012.  Id. at ¶ 234.  Applying the occurrence rule to the allegedly fraudulent assignment, Plaintiffs had four years from April 4, 2012 to file a UDAP claim regarding the assignment of mortgage.  In other words, the Plaintiffs had until April 4, 2016 to file such a claim.  The Complaint was not filed until March 15, 2018, nearly two years after the statute of limitations expired.  Thus, the Plaintiffs' UDAP claim regarding the assignment of mortgage must be dismissed.  Swartz v. City Mortg., Inc., 911 F. Supp. 2d 916, 941-42 (D. Haw. 2012) (recognizing that the borrowers' unfair and deceptive acts or practices claims against the lenders were time-barred where they were brought more than four years after the loan documents were signed).

As to the purportedly fraudulent letters sent by Chase, Plaintiffs failed to identify the dates of the specific letters that they claim were unfair or deceptive because they were sent under the pseudonym "Chase." However, based on the allegations raised in the First Lawsuit and the Second Lawsuit, the Plaintiffs were admittedly receiving letters from Chase about the underlying debt as far back as February 3, 2010, or earlier. According to the Complaint, the Plaintiffs sent a letter to Chase dated November 7, 2017 (which was attached as Exhibit E to the Complaint). Exhibit A, ¶ 354. The letter attached as Exhibit E references Account No. 0022917306. In the Second Amended Complaint filed in the First Lawsuit (Civil No. 10-00165 JMS/KSC), the Plaintiffs alleged that they received a letter dated February 3, 2010 from Chase Home Finance, LLC and Chase Home Finance, Inc. relating to Account No. 22917306. Exhibit B, ¶ 185. In addition, in the Verified Second Amended Complaint filed in the Second Lawsuit (Civil No. 11-00714 JMS/BMK), the Plaintiffs alleged that on March 2, 2011, they received a letter from Chase Home Lending regarding Account No. *****7306. Exhibit C, ¶ 31. Because the Plaintiffs have been receiving letters from Chase about their account since at least February 3, 2010, any UDAP claim arising from Chase's efforts to communicate with the Plaintiffs should have been brought by February 3, 2014. The Plaintiffs obviously missed that deadline and any UDAP claims are barred under HRS § 480-24.

In addition to the untimely filing of their UDAP claim regarding the letters from Chase, the Plaintiffs' claims also fail because they have not demonstrated how Chase sending them letters violates Chapter 480. See e.g., Robert's Waikiki U-Drive, Inc. v. Budget Rent-A-Car Sys., Inc., 491 F. Supp. 1199, 1227 (D. Haw. 1980) (recognizing that in general a practice is considered unfair when it offends public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers). Given the lengthy history of litigation between the Plaintiffs and the Defendants, the Plaintiffs have obviously not taken any action in reliance upon those letters that have caused them any damage. The Plaintiffs simply ignored those letters and are now trying to use them as a starting point for their absurd and baseless UDAP claims against the Defendants. Because the Plaintiffs have failed to state how Chase mailing them letters offends public policy or is immoral, unethical, oppressive, unscrupulous, or caused them substantial injury, their claim fails as a matter of law and should be dismissed.

C. Plaintiffs' TILA Claims Are Also Barred By The Statute Of Limitations For Such Claims

Like the Plaintiffs' other claims, the Plaintiffs' TILA claims (Seventh Cause of Action) are also barred by the applicable statute of limitations in addition to being barred by the doctrine of res judicata. In raising their TILA claims, the Plaintiffs have alleged that they "have been damaged in an amount to be

determined at trial." Exhibit A, ¶ 459. "TILA claims for damages must be brought within one year of the consummation of the loan at issue." Swartz v. City Mortg., Inc., 911 F. Supp. 2d 916, 931 (D. Haw. 2012) (citing 15 U.S.C. § 1640(e)).

In the current case, the Plaintiffs do not expressly state in the Complaint the date of the loan at issue. However, the Plaintiffs have alleged that they became owners of the subject property via a warranty deed that was recorded on March 6, 2006 as Doc. No. 2006-042510. Exhibit A, ¶ 203 and Exhibit B attached thereto. The Plaintiffs have also alleged that the mortgage at issue in this case recorded as Doc. No. 2006-042511. Exhibit A, ¶ 7. Thus, Plaintiffs do not and cannot dispute that the loan at issue in this case was, at the latest, in place or consummated by March 6, 2006.[12] Because it is undisputed that the loan at issue in this case was consummated by, at the latest, March 6, 2006, their TILA claims for damages are time barred.[13]

---

[12] According to rulings issued in the First Lawsuit and the Second Lawsuit, the Plaintiffs actually obtained the loan at issue in this case in or around February 2006. See e.g., Amina v. WMC Mortg. Corp., No. 10-00165 JMS/KSC, 2011 U.S. Dist. LEXIS 52668, at *2-3 (D. Haw. May 13, 2011) ("On or about February 25, 2006, Plaintiffs obtained two loans from WMC, one for $880,000, and another for $220,000, to purchase the subject property.").

[13] The Plaintiffs also have no basis to claim that equitable tolling applies to prevent dismissal of their TILA claim. In dismissing the TILA claims asserted in the First Lawsuit as being time barred, the Court specifically found that the Plaintiffs had failed to raise any facts that indicated the statute of limitations should be equitably tolled. Amina v. WMC Mortg. Corp., No. 10-00165 JMS/KSC, 2011 U.S. Dist. LEXIS 52668, at *19-20 (D. Haw. May 13, 2011). Because the Plaintiffs'

D. The Plaintiffs' Accounting Claim Should Be Dismissed Because There Is No Legal Basis For Plaintiffs To Compel An Accounting

The Plaintiffs' claim for an accounting (Fourth Cause of Action) fails as a matter of law the Plaintiffs have failed to identify the legal basis to compel the Defendants to provide an accounting. The Plaintiffs claim that Chase Entities failed to properly apply to the correct account the payments they received from the Plaintiffs and failed to properly account for payments received by other parties. Exhibit A, ¶¶ 417 and 418. The Plaintiffs claim that because of this, they are entitled to an accounting of all funds the Chase Entities received from the Plaintiffs and all funds related to the Plaintiffs' accounts. Id. at ¶ 420. In asserting these allegations, however, the Plaintiffs do not cite to any specific statutory or contractual provision that requires the Defendants to provide them an accounting. As such, the Plaintiffs' claim to compel an accounting should be dismissed for failure to state a claim.

E. The Plaintiffs' Claim For Relief Under Rule 60 Should Be Dismissed

The Plaintiffs' claim for relief from judgment under Rule 60 should be dismissed because it too fails to state a claim upon which relief can be granted. In their Complaint, the Plaintiffs cite to Rule 60(d)(1) and (6) as the basis for this cause of action. Id., Page 53. Since there is no FRCP 60(d)(6), the Defendants

---

previously failed to establish that equitable tolling applied to their prior claims, they have no basis to belatedly raise a tolling argument now.

assume the Plaintiffs intended to cite to Rule 60(b)(1) and (6).[14] FRCP 60(b)(1) and (6) do not create a separate cause of action nor do they grant the Plaintiffs the right to file a new lawsuit. The Plaintiffs' efforts to file a new claim for Rule 60 relief is an obvious attempt to circumvent the prior rulings by the District Court and the Ninth Circuit. Accordingly, the Plaintiffs' Sixth Cause of Action should be dismissed with prejudice.

F. The Plaintiffs' Claims For Injunctive Relief Should Be Dismissed

Although the Plaintiffs did not assert a specific cause of action for injunctive relief, their prayers for relief included references to enjoining the Defendants. Thus, for the purposes of this Motion, the Defendants assume the Plaintiffs intended to assert a claim for injunctive relief. Based on the arguments raised in the prior sections, any claims by the Plaintiffs for injunctive relief should be dismissed. Because the Plaintiffs' other claims are subject to dismissal, they have no basis to seek injunctive relief.

## VI. MERSCORP HOLDINGS, INC. IS NOT A PARTY IN INTEREST AND AS SUCH SHOULD BE DISMISSED FROM THIS ACTION

---

[14] To the extent the Plaintiffs actually intended to cite to Rule 60(d)(1) and (3), these rules still do not provide the Plaintiffs with a basis for a new lawsuit. "Rule 60(d) merely reserves whatever power federal courts had prior to the adoption of Rule 60 to relieve a party of a judgment by means of an independent action according to traditional principles of equity, i.e., Rule 60(d) does not itself offer the authority to bring an independent action to attack a judgment." Inland Concrete Enters. v. Kraft, 318 F.R.D. 383, 417 (C.D. Cal. 2016).

The Plaintiffs' claims against MERSCORP should be dismissed with prejudice because MERSCORP does not have, nor has it ever had, any interest in the subject loan. MERSCORP is the parent company to MERS and the two are not the same company. MERSCORP and MERS are two separate and distinct entities. Smith v. Bank of Am. N.A., 2013 WL 4735632, *3 (W.D. Mo. Sept. 3, 2013)[15] ("[MERS] is not MERSCORP Holdings: they are separate entities"); State of Delaware, Department of State: Division of Corporations, File Numbers 5034915 and 2543543, https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx (last visited April 22, 2018) (identifying separate incorporation and formation information for MERSCORP and MERS).

MERSCORP was never a party to the mortgage instruments, even while MERS was a party in interest. However, MERSCORP's position as the parent company of MERS does not entitle Plaintiffs to bring a claim against MERSCORP for any relief. Parent-subsidiary relationships are generally insufficient to impute liability to the parent for the alleged actions of its subsidiary. See, e.g. United States v. Bestfoods, 524 U.S. 51, 61-63 (1998). Accordingly, the alleged actions of MERS, as the subsidiary of MERSCORP, cannot be imputed to MERSCORP such that the Plaintiffs have any standing to bring a claim against

[15] A copy of this case is attached hereto for the Court's reference as Exhibit N.

MERSCORP. MERSCORP never had any rights in the mortgage, never assigned the mortgage, never received an assignment of the mortgage, never filed nor were a party in any document identified in the Plaintiffs' Complaint, nor has MERSCORP had any participation in the foreclosure. As a result, the Plaintiffs cannot assert a claim against MERSCORP and therefore the Complaint as to MERSCORP with prejudice.

VII. CONCLUSION

Based on the foregoing, the Defendants respectfully request that their Motion be GRANTED and the Complaint be dismissed with prejudice in its entirety as to all Chase Defendants and MERS Defendants.

DATED: Honolulu, Hawaii, April 25, 2018.

/s/ Adrian L. Lavarias
CRYSTAL K. ROSE
ADRIAN L. LAVARIAS
GEORGIA ANTON

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., Individually and as Servicer of the JPMORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2;
JPMORGAN CHASE & CO.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN MORTGAGE ACQUISITION CORP.;
J.P. MORGAN SECURITIES LLC;

U.S. BANK NATIONAL ASSOCIATION, as Trustee for J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2; MERSCORP HOLDINGS, INC.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.