Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street 2
Honolulu, HI 96822
(808) 941-0685

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 19 2012

at ____ o'clock and ____ min. ____ M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE, <br><br> Plaintiffs, <br><br> vs. <br><br> THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; <br><br> U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2, <br><br> Defendants. | Case No. 11-00714 JMS-BMK <br><br> **VERIFIED SECOND AMENDED COMPLAINT** <br><br> **Quiet Title** |

## Preliminary Statement

1.  This Second Amended Complaint is filed in response to new information. Attorney for Creditor U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 filed a Proof of Claim

1

VERIFIED SECOND AMENDED COMPLAINT

# EXHIBIT D

[4-1] in the Bankruptcy Case #12-00079 of Melvin Keakaku Amina, thus claiming an interest in the Homestead. US Bank now claims two loans "7306" (MIN 100136300114610198, WMC Loan No. 11461019, Chase No. 002917306 or 22917306) and "7314" (MIN 100136300114610289, WMC Loan No. 11461028, Chase No. 002917314 or 22917314) encumbering the Homestead. Bank of New York Mellon (BONYM) still claims loan "7306", however BONYM has not filed a Proof of Claim.

1-1. In this Second Amended Complaint, new material has been underlined.

1-2. Plaintiff alleges that The Bank of New York Mellon is not a mortgagee, but poses as a mortgagee.

1-3. Plaintiffs seek a quieting of title against parties which, upon information and belief, are not owner and holder of any Note encumbering the Homestead. At all times relevant to this Complaint, MERS' permission to do business in Hawaii is "suspended." WMC has not filed an Annual Report in Hawaii since 1997 and has not been in good standing in Hawaii since 1998. WMC is no longer in business and there has been no assignment in the county property records, thus the principal is unknown or nonexistent. CHASE HOME FINANCE LLC, which not registered to do business in Hawaii, has served an "Acceleration Warning (Notice of Intent to Foreclose)." It is unknown how Chase came on the scene. There was an exorbitant payoff penalty of 6 months of payments. The servicer (CHASE HOME FINANCE LLC / CHASE HOME FINANCE, INC.) has refused loan modification. Servicers are motivated to obstruct workouts because they profit more from late fees and foreclosure. The usual Pooling and Servicing Agreement and Subservicing Agreement have no provision for workouts (and also require servicers to be registered to do business in the state where the property is located).

2

VERIFIED SECOND AMENDED COMPLAINT

1-4.  **Plaintiff alleges that U.S. Bank not a mortgagee, but poses as a mortgagee.**

2.  The Bank of New York Mellon claimed an interest in the property, exceeding $75,000 in value, by causing an agent (Larry Thode of Chase Home Lending) to mail to Plaintiffs a letter dated March 2, 2011 stating: "Re: Account Number: *****7306 ... Your loan was sold into a public security managed by The Bank of New York and may include a number of investors. ... The address of your investor is: 101 Barclay Street Flr 4W, New York, NY 10286, JPMAC 2006-WMC2, Pei Yan Huang." A true copy of that letter is attached to the [38] First Amended Complaint as Exhibit B.

3.  101 Barclay Street Floor 4W, New York is the address of The Bank of New York. The letter identifies "your investor" as "JPMAC 2006-WMC" (J.P Morgan Mortgage Acquisition Corp. 2006-WMC2) (hereafter "JPM").

4.  (*) In April of 2006, JPMorgan Chase Bank, N.A. swapped its corporate trust unit for The Bank of New York Co.'s retail and small business banking network. The "Your Loan" referred to by Mr. Thode, if it existed, was part of the assets being swapped from JP Morgan to The Bank of New York.

4-1.  As stated in the webpage http://www.secinfo.com/d1z2hd.u46.htm:

> (b) On October 1, 2006, The Bank of New York acquired portions of JPMorgan Chase Bank, National Association's corporate trust business. Through this acquisition The Bank of New York became the successor in interest to JPMorgan Chase Bank, National Association as Securities Administrator for the Issuing Entity and J.P. Morgan Trust Company, National Association as Custodian for the Issuing Entity.

4-2.  This transfer of interest was required to be reflected in the Hawaii's property records by recordation of Assignment of Deed of Trust.

3

VERIFIED SECOND AMENDED COMPLAINT

4-3. No such transfer of interest was reflected in the Hawaii's property records by recordation of Assignment of Deed of Trust.

4-4. (*) The relevant loan pool might be under the #637 MLMI 2006-WMC2 the Merrill Lynch Mortgage Investors Trust, Series 2006-RM1 Pooling & Servicing Agreement dated as of March 1, 2006 between Merrill Lynch Mortgage Investors, Inc., Depositor, Wilshire Credit Corporation, Servicer, and Lasalle Bank National Association, Trustee for the Merrill Lynch Mortgage Investors Trust, Series 2006-WMC2.

4-5. (*) The relevant loan pool might be J.P Morgan Mortgage Acquisition Corp. 2006-WMC2.

4-6. The Bank of New York Mellon also made a claim, exceeding $75,000 in value, by causing its agent JPM to mail a letter from its agent Chase Home Finance LLC, dated February 3, 2010 titled: "Acceleration Warning (Notice of Intent to Foreclose)."

5. By mailing those two letters through its agents, Defendant improperly seeks to foreclose on the subject property.

6. Thus, <u>BONYM</u> claims ownership of a Note encumbering the Homestead. This claim is improper because Defendant is not owner or holder of any such Note, see paragraphs 7, 35, 38.

7. Plaintiffs seek a quieting of title against <u>parties</u> which, upon information and belief, <u>are</u> not owner and holder of any Note encumbering the Homestead.

8. In this Complaint, allegations marked (*) are made upon information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. All other allegations are made of personal knowledge.

4

VERIFIED SECOND AMENDED COMPLAINT

## Jurisdiction and Venue

9. Jurisdiction is under including but not limited to 28 U.S.C. §§ 1331, 1332. The Plaintiffs request that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiffs and Defendant are citizens of different states and the value in controversy exceeds $75,000.00.

10. Venue for this action lies in this district since:

(a) Defendants are subject to personal jurisdiction of the State of Hawaii and have sufficient contacts with this district under 28 U.S.C. § 1391 (b)(2).

(b) Substantial acts and omissions in this action occurred in this district under 28 U.S.C. § 1391 (b) (2) and/or (c).

11. This matter is properly filed in this District. The claims arose in this District and all Defendants reside and/or do business in this District.

## Parties

12. Plaintiffs are citizens of Hawaii.

### *DEFENDANT BONYM*

13. Defendant THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK ("BONYM") is a state-chartered bank and is a corporation organized under the laws of the State of New York with its principal place of business at One Wall Street, New York, NY 10005, and can be served by serving any officer of the bank.

13-1. Defendant BONYM, as trustee, claims to have acquired two Notes secured by two Mortgages in Plaintiff's home pursuant to the Pooling and Servicing Agreement, dated as of June 1, 2006, by and among J.P. Morgan Acceptance Corporation I, as depositor, J.P. Morgan Mortgage Acquisition Corp., as seller, JPMorgan Chase Bank, National Association, as securities

5

VERIFIED SECOND AMENDED COMPLAINT

administrator and servicer, U.S. Bank National Association, as trustee and Pentalpha Surveillance LLC, as trust oversight manager (hereafter "the Pooling and Servicing Agreement").

13-2. The Pooling and Servicing Agreement is related to J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2 and J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-HE2 ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-HE2.

13-3. (*) However, BONYM did not acquire any such interest(s). There has been no negotiation of any such Notes to BONYM. There is no loan encumbering Plaintiffs' property in the current Mortgage Loan Schedule.

13-4. (*) That Pooling and Servicing Agreement does not allow for BONYM to acquire an interest in Plaintiffs' loan(s) or property. The closing date of the Loan Pool occurred before the date BONYM claims to have acquired its interest(s). The loans claimed by Defendants did not meet the underwriting requirements for the Pooling and Servicing Agreement.

13-5. (*) The closing date of the Loan Pool (June 28, 2006) occurred before the date BONYM claims to have acquired its interest(s).

13-6. (*) The closing date of the Loan Pool (June 28, 2006) occurred before the date USB claims to have acquired its interest(s).

13-7. (*) The loan(s) claimed by Defendants did not meet the underwriting requirements for the Pooling and Servicing Agreement.

13-8. The Pooling and Servicing Agreement, Sec. 2.01 (a) (obtained from the SEC) states:

> The Depositor, concurrently with the execution and delivery hereof, does hereby establish the Trust and transfer, assign, set over and otherwise convey to the Trustee without recourse for the benefit of the Certificateholders all the right, title and interest of the Depositor, including any security interest therein for the benefit of the Depositor, in and to the Mortgage Loans identified on the Mortgage Loan Schedule, the rights of the Depositor under the Assignment and Assumption

6

VERIFIED SECOND AMENDED COMPLAINT

Agreement and the Mortgage Loan Purchase Agreement and all other assets included or to be included in the Trust Fund.

...

In connection with such transfer and assignment, the Depositor does hereby deliver to, and deposit with the Custodian a copy of the related Mortgage Loan Schedule in an electronic, machine readable medium, and the following documents or instruments with respect to each Mortgage Loan so transferred and assigned (each, a "Mortgage File"):

(iii) an original Assignment of the Mortgage in blank;

(iv) the original recorded Assignment or Assignments of the Mortgage showing a complete chain of assignment from the originator to the Person assigning the Mortgage to the Trustee or in blank;

(v) the original or copies of each assumption, modification, written assurance or substitution agreement, if any; and ...

13-9. (*) Defendants claim to have obtained Notes from MERS. However, **MERS, not owning either Note, could not legally assign either loan.** Therefore, the loans were never assigned to the PSA Trust.

*DEFENDANT USB*

14. Defendant U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2 ("USB") is a National Association and a foreign corporation.

14-1. On 2/22/2012, Derek Wong of RCO Hawaii, L.L.L.C., Attorney for Creditor U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 filed a Proof of Claim [4-1] in the

7

VERIFIED SECOND AMENDED COMPLAINT

Bankruptcy Case #12-00079 of Melvin Keakaku Amina, in the amount of $272,549.72. A true copy of pages 1-2 of Proof of Claim is attached as Exhibit A.

15. <u>BONYM and USB keep</u> accounting entries for each of <u>their</u> loans in a "general ledger," showing all changes to Assets, Liabilities and Owner's Equity resulting from the loans. These accounting ledger entries can be produced in a form similar to that described in accounting textbooks such as <u>Intermediate Accounting</u> by Donald E. Kieso, Jerry J. Weygandt, and Terry D. Warfield (Wiley, 2003), and <u>Financial Accounting</u> by Paul D. Kimmel, Jerry J. Weygandt, and Donald E. Kieso (Wiley, 2006). These accounting ledger entries show whether or not Plaintiffs received a loan related to <u>BONYM</u> and, if so, from whom. Under the "matching" principle of GAAP, <u>BONYM and USB</u> can produce a ledger showing all costs and revenues resulting from each of <u>their</u> loans. <u>BONYM and USB keep</u> records for all loans in a form ready to produce for government inspection in case of an audit.

16. <u>(*) Neither BONYM nor USB has acquired any interest in Plaintiffs' property. Neither BONYM nor USB is Trustee of any Beneficiary which has acquired any interest in Plaintiffs' property.</u>

**Factual Allegations:**

All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

17. At all relevant times, Plaintiffs were and are the owner of the property at **2304 Metcalf Street 2, Honolulu, HI 96822** (hereafter "the Homestead"), legally described as:

BEING A PORTION OF THE FOLLOWING DESCRIBED LAND:

SEAVIEW TRACT

8

VERIFIED SECOND AMENDED COMPLAINT

# LOT 1

## Manoa, Honolulu, Oahu, Hawaii

Being a portion of royal Patents 4475 and 7789, Land Commission Award 7713, Apana 39 to V. Kamamalu.

Beginning at the Northwest corner of this parcel of land, the Southwest corner of lot 2 of Seaview Tract and on the East side of Hunnewell Street the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUNCHBOWL" being 4625.39 feet South and 9005.94 feet East and running by azimuths measured clockwise from true South:

1. 274° 46'   91.95 feet along Lot 2 of Seaview tract;
2. 4° 46'   82.56 feet along the remainder of R. P.'s 4475 and 7789, L.C. Aw. 7713, Apana 39 to V. Kamamalu;
3. 94° 46'   91.95 feet along the north side of Metcalf Street;
4. Thence along the northeast intersection of Metcalf Street and Hunnewell Street on a curve to the right with a radius of 20.00 feet, the chord azimuth and distance being:
   139° 46'   28.28 feet;
5. 184° 46'   91.95 feet along the East side of Hunnewell Street to the point of beginning and containing an area of 7,506 square feet, more or less.

18. Plaintiffs are, and have been, in continuous possession of the Homestead.

19. Plaintiffs did not make a forcible entry into the Homestead.

20. Plaintiffs are not unlawfully holding the possession of the Homestead by force.

21. Plaintiffs have never sold the Homestead.

22. (deleted)

23. (deleted)

24. (deleted)

25. (deleted)

26. (deleted)

27. (deleted)

VERIFIED SECOND AMENDED COMPLAINT

28. (deleted)

29. (deleted)

30. (deleted)

## THE FALSE CLAIMS TO THE PROPERTY

31. On March 2, 2011, Larry Thode of Chase Home Lending mailed a letter to Plaintiffs stating: "Re: Account Number: *****7306 ... Your loan was sold into a public security managed by The Bank of New York and may include a number of investors. ... The address of your investor is: 101 Barclay Street Flr 4W, New York, NY 10286, JPMAC 2006-WMC2, Pei Yan Huang." A true copy of that letter is in the record as an attachment to Declaration [29].

32. (*) In mailing that letter, Larry Thode and Chase Home Lending acted as agent of BONYM, therefore BONYM is really the one claiming that "[y]our loan" "was sold into" the J.P. Morgan Mortgage Acquisition Corp. Trust 2006-WMC2. Therefore, BONYM made a claim by sending the letter through its agent.

32-1. By mailing that letter through its agent, Defendant improperly seeks to foreclose on the subject property.

32-2. Plaintiffs received a letter dated February 3, 2010 titled: "Acceleration Warning (Notice of Intent to Foreclose)," from JPM's agent Chase Home Finance LLC. That letter stated: "4. If you fail to cure the default within thirty-two (32) days from the date of this notice, Chase Home Finance LLC will ... commence foreclosure proceedings, all without further notice to you." A true copy of that letter is attached to the [38] First Amended Complaint as Exhibit A.

10

VERIFIED SECOND AMENDED COMPLAINT

32-3.   (*) In mailing that letter, Chase Home Finance LLC acted as agent of BONYM, therefore BONYM is really the one giving notice of intent to foreclose. Therefore, BONYM made a claim by sending the letter through its agent.

33.   By mailing, through its agent, the "Acceleration Warning (Notice of Intent to Foreclose)," Defendant improperly seeks to foreclose on the subject property.

34.   There is no recorded assignment of any Mortgage encumbering the Homestead, from its named original lender, to anyone.

35.   (*) BONYM is not the owner and holder of any Note encumbering the Homestead.

36.   (*) USB is not the owner and holder of any Note encumbering the Homestead.

37.   (*) There is no chain of title of any Mortgage encumbering the Homestead, leading to BONYM.

37-1.   (*) There is no chain of title of any Mortgage encumbering the Homestead, leading to USB.

37-2.   (*) No Note encumbering the Homestead is currently held by a legal entity of the type that is authorized to own and hold Notes (e.g. an individual, corporation, partnership, etc.)

38.   (*) Any Note(s) encumbering the Homestead has/have been discharged by its/their Holder(s) by materially and fraudulently altering them, and/or cancelling and/or renouncing them.

39.   (*) USB falsely claims that the First Note was endorsed from the originator, WMC Mortgage Corp, to J.P. Morgan Mortgage Acquisition Corp, then to J.P. Morgan Acceptance Corporation I, then to J.P. Morgan Mortgage Acquisition Trust 2006-WMC2 CIK#: 0001364780, then to U.S. Bank National Association, for the benefit of Certificateholders.

39-1.   (*) USB falsely claims that the Second Note was endorsed from the originator, WMC Mortgage Corp, to J.P. Morgan Mortgage Acquisition Corp, then to J.P. Morgan Acceptance

11

VERIFIED SECOND AMENDED COMPLAINT

Corporation I, then to J.P. Morgan Mortgage Acquisition Trust 2006-WMC2 CIK#: 0001364780, then to U.S. Bank National Association, for the benefit of Certificateholders.

39-2. (*) USB falsely claims that the First Mortgage was assigned from WMC Mortgage Corp to J.P. Morgan Mortgage Acquisition Corp, then to J.P. Morgan Acceptance Corporation I, then to J.P. Morgan Mortgage Acquisition Trust 2006-WMC2 CIK#: 0001364780, then to U.S. Bank National Association, for the benefit of Certificateholders.

39-3. (*) USB falsely claims that the Second Mortgage was assigned from WMC Mortgage Corp to J.P. Morgan Mortgage Acquisition Corp, then to J.P. Morgan Acceptance Corporation I, then to J.P. Morgan Mortgage Acquisition Trust 2006-WMC2 CIK#: 0001364780, then to U.S. Bank National Association, for the benefit of Certificateholders.

40. No Notice of Default, Assignment or other similar document has been recorded.

41. Plaintiffs and their family members live in the Homestead.

41-1. Plaintiffs have attempted unsuccessfully to seek modification of their loans with the servicer (CHASE HOME FINANCE LLC / CHASE HOME FINANCE, INC.), who has failed and refused to modify the terms of the loans.

42. Plaintiffs have no adequate remedy at law.

### Damages

43. As a consequence of Defendant's claim to Plaintiffs' property, Plaintiffs have not able to sleep at night, and have had to go to a local park during the day to sleep.

44. As a consequence of Defendant's claim to Plaintiffs' property, Plaintiffs have been unable to re-finance into lower interest rate loan because Defendant's agent(s) reported late payments to Equifax.

12

VERIFIED SECOND AMENDED COMPLAINT

45.  An "installment account" (7306) was reported to Equifax by "CHASE" at PO Box 24696, Columbus, Ohio 43224-0696 as "120+ DAYS PAST DUE."

45-1. "CHASE" reported to Credit Bureaus that a loan (7314) was reported as "charged off".

46.  (*) By mailing letters through its agents, Defendant improperly seeks to foreclose on the subject property.

46-1. As a result of Defendants' acts alleged above, Plaintiffs have suffered severe emotions distress, loss of credit, public embarrassment (doorknob notices).

## FIRST CAUSE OF ACTION

### Quiet Title
### (Against All Defendants)

47. At all times relevant to this Complaint, Plaintiffs were and are in possession and have been in continuous possession of the Homestead, against all the world, and have paid all lawful property taxes thereon.

48. Plaintiffs have superior and legal title to, and other interest in, the Homestead.

49. At all times relevant to this Complaint, Plaintiffs were and are the owner of the Homestead and entitled to such ownership and use without interference by Defendant.

50. Defendants have made claims to Plaintiffs' property, as detailed in paragraphs 2 through 6 and 31 through 33 above.

51. Defendants' claims to any right, title or interest in the property are false and without merit.

52. (*) <u>Defendants are</u> not the owners or holders of any promissory note encumbering the Homestead.

13

VERIFIED SECOND AMENDED COMPLAINT

53. Plaintiffs bring this suit against <u>Defendants</u> who claim an adverse interest or estate in the Property for the purpose of determining such conflicting or adverse claims, interests or estates.

54. Plaintiffs seek Judgment, Order and Decree quieting title to the Homestead in Plaintiffs as of the date the Complaint in this case was filed, and such further equitable relief as the Court deems proper.

### Prayer for Relief:

WHEREFORE, Plaintiffs pray this court enter an order providing relief as follows:

55. Plaintiffs pray this honorable Court take jurisdiction of this case.

56. <u>Declaratory judgment that Plaintiffs have clear title to the property, free from any encumbrances by Defendants, and that Defendants have no valid security interest in Plaintiffs' property.</u>

57. A Judgment and Decree quieting title in favor of Plaintiffs.

58. For an award of costs as provided by law;

59. That this Court grant such other and further relief as it deems just and proper.

60. Finally, Plaintiffs are not attorneys and are inexperienced in procedure as practiced in the Federal Courts. If this submission is found wanting in one or more particulars, it is incumbent upon the Court to inform Plaintiffs of the deficiencies, their specifics and assist the Plaintiffs in correcting the submission, and the Plaintiffs hereby respectfully request such assistance.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 19, 2012

VERIFIED SECOND AMENDED COMPLAINT

14

Donna Amina, Plaintiff Pro Se          Melvin Amina, Plaintiff Pro Se
2304 Metcalf Street                    2304 Metcalf Street
Honolulu, HI 96822                     Honolulu, HI 96822
(808) 941-0685                         (808) 941-0685

## CERTIFICATE OF SERVICE

On the date last written below, I served a true copy of the foregoing document upon the following parties in this action by First Class U. S. mail postage prepaid:

Defendants
THE BANK OF NEW YORK MELLON,
FKA THE BANK OF NEW YORK
c/o Jeffrey H. K. Sia
c/o David A. Gruebner
c/o Diane W. Wong
Ayabe, Chong, Nishimoto, Sia & Nakamura, LLP
1003 Bishop Street, Suite 2500
Honolulu, HI 96813

Executed on: October 19, 2012          _____
                                       (signed by person serving)

15

VERIFIED SECOND AMENDED COMPLAINT

# EXHIBIT A

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF Hawaii | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Melvin Keakaku Amina Jr. | Case Number: 12-00079 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2

Name and address where notices should be sent:
CHASE RECORDS CENTER
ATTN: CORRESPONDENCE MAIL
MAIL CODE LA4-555
700 KANSAS LANE
MONROE, LA 71203

Telephone number: 808-532-0090 (Attorney for Creditor)   email:

Name and address where payment should be sent (if different from above):
JPMORGAN CHASE BANK, NA
3415 VISION DRIVE
DEPT OH4-7142
COLUMBUS, OH 43219

Telephone number: 808-532-0090 (Attorney for Creditor)   email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 272,549.72

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Money Loaned
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 7314

**3a. Debtor may have scheduled account as:** (See instruction #3a)

**3b. Uniform Claim Identifier (optional):** _____
(See instruction #3b)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ 66,605.18

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☒ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: 2304 METCALF STREET 2, HONOLULU, HI 96822

Value of Property: $ Unknown at this time

Annual Interest Rate 11.250 % ☒ Fixed or ☐ Variable
(when case was filed)

Basis for perfection: Mortgage

Amount of Secured Claim: $ 272,549.72

Amount Unsecured: $ 0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other—Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority: $ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.) ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Derek Wong
Title: Attorney for Creditor
Company: RCO Hawaii, L.L.L.C.
Address and telephone number (if different from notice address above):
900 Fort Street Mall, Suite 800
Honolulu, HI 96813

/s/ Derek Wong
(Signature)

02/22/2012
(Date)

Telephone number: 808-532-0090  email: dwong@rcolegal.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.