IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MELVIN KEAKAKU AMINA and DONNA MAE AMINA, | Case No. 18-cv-00143-DKW-KSC |
| Plaintiffs, | |
| vs. | **ORDER GRANTING THE CHASE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE** |
| WMC FINANCE CO., *et al.*, | |
| Defendants. | |

On July 5, 2018, this Court entered an Order dismissing Plaintiffs' Complaint with limited leave to amend ("the July 5, 2018 Order"). Specifically, the Court granted Plaintiffs, Melvin Keakaku Amina and Donna Mae Amina (collectively, "the Aminas"), limited leave to amend three of their eight causes of action. The Court also told the Aminas that no new parties, claims, or legal theories would be permitted in any amended complaint. On August 20, 2018, the Aminas filed a First Amended Complaint (FAC). Therein, the Aminas amended the three causes of action that they were granted leave to amend. Because the Aminas have still failed to state a claim with respect to these three causes of action, they are DISMISSED. In addition, in the FAC, the Aminas re-pled three of the causes of action that they were not granted leave to amend and added a new party. Because the Aminas were

1

not authorized to do this, those causes of action remain dismissed, and the new party is dismissed as well. Finally, because the Aminas have been provided with an opportunity to amend their claims in this case, and have failed to do so in a manner that states a claim and/or is consistent with the July 5, 2018 Order, this case is DISMISSED WITH PREJUDICE.

## **BACKGROUND**

In the July 5, 2018 Order, the Court set forth a thorough factual and procedural background of the Aminas' allegations and claims in this action, as well as two other actions the Aminas have brought related to a Mortgage on their real property, located at 2304 Metcalf Street #2, Honolulu, Hawaii 96822 ("the Property"). *See* Dkt. No. 32 at 2-10. The Court need not re-state that which is already on the record, and assumes familiarity with the same. For present purposes, the Court picks up the background with the rulings in the July 5, 2018 Order.

In their original Complaint, the Aminas brought claims against JPMorgan Chase Bank, N.A. ("the Chase Defendants" or "Chase"),[1] Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc. (collectively, "MERS"),

---

[1] As in the July 5, 2018 Order, the Court refers collectively to the following entities as the "Chase Defendants" or "Chase": JPMorgan Chase Bank, N.A., individually and as servicer of the JPMorgan Mortgage Acquisition Trust 2006-WMC2; JPMorgan Chase & Co.; J.P. Morgan Acceptance Corporation I; J.P. Morgan Mortgage Acquisition Corp.; J.P. Morgan Securities LLC; and U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2.

Nationwide Title Clearing, Inc. ("NTC"), and WMC Finance Co.[2] ("WMC," and, collectively with Chase, MERS, and NTC, "Original Defendants"), asserting the following eight causes of action: (1) quiet title against all Original Defendants (Claim One); (2) violation of the Fair Debt Collection Practices Act (FDCPA) against Chase (Claim Two); (3) violation of the Real Estate Settlement Procedures Act (RESPA) against Chase; (4) an accounting against certain Chase Defendants (Claim Four); (5) violation of the Unfair and Deceptive Trade Practices Act under Hawaii Revised Statute Chapter 480 (UDAP) against Chase (Claim Five); (6) relief from judgment under Rule 60 of the Federal Rules of Civil Procedure against Chase (Claim Six); (7) violation of the Truth In Lending Act (TILA) against Chase (Claim Seven); and (8) declaratory judgment against all Original Defendants (Claim Eight).

On motion from Chase, MERS, and NTC, the Court dismissed each of the Aminas' eight claims with limited leave to amend. Dkt. No. 32. Specifically, the Court ruled as follows. First, the Court dismissed Claim One *with* prejudice and *without* leave to amend because it was barred by res judicata, failed to state a claim, and, with respect to NTC, was barred by issue preclusion. Second, the Court dismissed Claims Two, Three, and Five with prejudice in part and without prejudice in part. The Court dismissed Claims Two, Three, and Five *with* prejudice and *without* leave to amend to the extent they related to the validity of the Mortgage on

[2]WMC Finance Co. has not made an appearance in this case.

the Property or the assignment of the same. The Court dismissed Claims Two, Three, and Five *without* prejudice and *with* leave to amend to the extent they relied upon communications between the Aminas and Chase in 2017 because, although the Aminas failed to state a claim in any of those respects, amendment may have been possible. Third, the Court dismissed Claim Four because (i) to the extent it related to the validity of the Mortgage on the Property or the assignment of the same, it was barred by res judicata, and (ii) the Aminas request for an accounting sought only a remedy, without providing an independent cause of action supporting such relief. The Court explained that the Aminas could "seek this relief in connection with an appropriate claim in an amended pleading." Fourth, the Court dismissed Claim Six *with* prejudice and *without* leave to amend because it was barred by res judicata and/or issue preclusion. Fifth, the Court dismissed Claim Seven *with* prejudice and *without* leave to amend because it was time-barred and any attempt to amend the claim would be futile. And sixth, the Court dismissed Claim Eight because the Aminas' request for declaratory or injunctive relief was not an independent cause of action.

The Court then explained the limited leave to which amendment was granted. The Court explained that all claims barred by res judicata, issue preclusion, and/or a statute of limitations could not be re-alleged in any amended complaint. The Court further explained that the Aminas could attempt to amend only the specific

deficiencies noted in the July 5, 2018 Order.   The Court continued that no new or additional parties, claims, or legal theories would be permitted in any amended complaint.

As such, the Aminas were granted leave to amend *only* Claims Two, Three and Five to the extent they relied upon communications with Chase in 2017.   In addition, the Aminas could seek an accounting or declaratory or injunctive relief only to the extent such relief would be justified by an appropriate independent cause of action.

On August 20, 2018, the Aminas filed the FAC.   Dkt. No. 40.   Therein, they bring claims against Chase, WMC, and Larry Schneider (Schneider, collectively with Chase and WMC, "Defendants"),[3] asserting the following six causes of action: (1) quiet title against all Defendants (Cause One);[4]  (2) violations of the FDCPA against Chase (Cause Two); (3) a violation of RESPA against Chase (Cause Three); (4) an accounting against certain Chase Defendants (Cause Four); (5) a violation of UDAP against Chase (Cause Five); and (6) a violation of TILA against Schneider (Cause Six).

---

[3]MERS and NTC are not named as defendants in the FAC.   MERS and NTC are, therefore, DISMISSED WITH PREJUDICE from this action.   As a result, NTC's motion for joinder, Dkt. No. 47, is DENIED AS MOOT.

[4]For purposes of differentiation, the Court refers to a cause of action/claim in the original Complaint as a "Claim" and a cause of action/claim in the FAC as a "Cause."   Other than differentiation, nothing else is meant by this shorthand.

On September 11, 2018, the Chase Defendants filed a motion to dismiss the FAC. Dkt. No. 43. Thereafter, the Aminas filed a response to the motion to dismiss, Dkt. No. 53, and the Chase Defendants filed a reply in support of their motion to dismiss, Dkt. No. 54. As of the date of this Order, Schneider has not appeared in this case, and the record does not reflect that the FAC has been served upon him.

## STANDARD OF REVIEW

### I.    Motion To Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

A court may consider certain documents attached to a complaint, as well as documents incorporated by reference in the complaint or matters of judicial notice, without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003). As in the July 5, 2018 Order, the Court takes judicial notice of the pleadings, court orders, and other public records that have been submitted in this case. *See* Fed.R.Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).[5]

## II.  Pro Se Status

Because the Aminas are proceeding pro se, the Court liberally construes their filings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). With that in mind, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se

---

[5]For example, the Court takes judicial notice of documents whose contents were incorporated by reference or attached to the Aminas' original Complaint, including the Mortgage, Note, and documents recorded at the State of Hawaii Bureau of Conveyances. The Court also considers matters that are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201, including publicly available documents and the Court's own records. *See Bartolotti v. Maui Mem'l Med. Ctr*., 2015 WL 4545818, at *3 (D. Haw. July 28, 2015) ("Matters of public record that may be judicially noticed include … documents filed with courts, 'both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'") (quoting *United States v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir. 1992)).

litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

A court may, however, deny leave to amend due to undue delay or failure to cure deficiencies by amendments previously allowed or where further amendment would be futile. *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

The Chase Defendants move for dismissal of all causes of action asserted in the FAC with prejudice. The Court, first, addresses those causes of action that the Aminas were given limited leave to amend. The Court, then, addresses those matters in the FAC for which leave to amend was not granted.

## I.      Cause Two – the FDCPA

In their original Complaint, the Aminas alleged that the Chase Defendants violated the FDCPA by failing to respond within 30 days of a November 7, 2017 letter the Aminas sent requesting verification of a debt. In doing so, the Aminas did not identify the specific FDCPA provision that this conduct allegedly violated. For this and numerous other reasons, including that the Aminas contradicted their own assertions, the Court found that the allegations in the original Complaint failed to state a FDCPA claim.

In the FAC, the Aminas allege nine different violations of the FDCPA.

These nine alleged violations can be placed into three distinct groups, as three

different communications the Aminas allegedly received between 2017 and 2018

are alleged to have violated the FDCPA in the same three ways. The three distinct

groups involve: (1) alleged violations of Section 1692g[6] in that one or more of the

Chase Defendants continued debt collection activities after the Aminas made a

written request to verify a debt; (2) alleged violations of Section 1692e(14)[7] in that

one or more of the Chase Defendants used a business, company, or organization

name other than its or their true name when communicating with the Aminas; and

(3) alleged violations of Section 1692e(8)[8] in that one or more of the Chase

Defendants failed to communicate to credit bureaus that a debt was disputed.

As the Court explained in the July 5, 2018 Order, "'[t]here are four elements

to an FDCPA cause of action: (1) the plaintiff is a 'consumer' under 15 U.S.C.

§ 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes;

(3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the

defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o.'

*Wheeler v. Premiere Credit of North America, LLC,* 80 F. Supp. 3d 1108, 1112 (S.D.

Cal. 2015) (citing *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004))."

---

[6] 15 U.S.C. § 1692g.
[7] 15 U.S.C. § 1692e(14).
[8] 15 U.S.C. § 1692e(8).

The Aminas have failed to allege that any of the Chase Defendants is a debt collector for purposes of the FDCPA.[9]   Under the FDCPA, a "debt collector" is any person engaged "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."   15 U.S.C. § 1692a(6). The FAC is devoid of any attempt to allege that any one of the Chase Defendants is a debt collector under the FDCPA.   The FAC does not even make a conclusory assertion that one of the Chase Defendants is a debt collector,[10] let alone allege facts plausibly suggesting that one of the Chase Defendants engages in a business the principal purpose of which is debt collection or regularly collects debts owed to another.   This is reason alone to find that the Aminas fail to allege any claim under the FDCPA.   *See id.* § 1692e (prohibiting a debt collector from using false or misleading representations); *id.* § 1692g (requiring a debt collector to send a consumer written notice).   Moreover, because the Aminas have been provided with an opportunity to correct the deficiencies with their FDCPA claims, and have failed to correct this basic part of a FDCPA claim, despite guidance provided by the Court, the Court DISMISSES WITH PREJUDICE the Aminas' FDCPA claims without leave to amend.

---

[9]Both parties have submitted supplemental briefing on the issue of whether one or more of the Chase Defendants is a debt collector under the FDCPA.   *See* Dkt. Nos. 57, 58.
[10]Not that such a conclusory assertion would be sufficient.

So the record is more complete, the Court also addresses whether the Aminas have properly alleged a violation of any of the three specific FDCPA provisions identified above.[11]

## A.    Section 1692g

Section 1692g provides that, within 5 days of a debt collector making an "initial communication" with a consumer, the debt collector must send the consumer a written notice, stating, *inter alia*, that, if the consumer notifies the debt collector in writing within 30 days of receiving the notice that any portion of a debt is disputed, the debt collector will obtain verification of the debt and mail a copy of such verification to the consumer.   15 U.S.C. § 1692g(a).   If the consumer so notifies the debt collector that any portion of a debt is disputed, the debt collector must cease

---

[11]The Court notes that, in their motion to dismiss, the Chase Defendants argue that the Aminas' FDCPA claims are barred by res judicata and the statute of limitations.   Dkt. No. 43-1 at 24-27. The Chase Defendants further argue that the FDCPA claims fail to state a claim because they arise out of the same nucleus of facts as prior lawsuits.   *Id*. at 27-28.   None of these arguments are relevant to the FDCPA claims the Aminas have alleged in the FAC.   The Aminas' FDCPA claims in the FAC clearly relate solely to communications−mortgage loan statements−they allegedly received in 2017 and 2018.   Any alleged violations of the FDCPA arising from those communications do not arise from any events alleged in their prior lawsuits, given that the communications post-date the prior lawsuits by a number of years.   The Court made this clear in its July 5, 2018 Order, when it stated that, to the extent the Aminas claims arise from separate violations of the FDCPA that could not have been alleged in their prior lawsuits, they were not barred by res judicata.   *See* Dkt. No. 32 at 21.   The FDCPA claims are similarly not time-barred, given that the earliest alleged violation occurred following a letter the Aminas sent on June 30, 2017.   *See* Dkt. No. 43-1 at 24-25 (arguing that the FDCPA has a one-year statute of limitations); Dkt. No. 1 at 3 (stating that the original Complaint was filed in March 2018).   The Chase Defendants' failure to state a claim argument merely repackages the res judicata argument and therefore meets the same fate.

collection of the debt until the debt collector obtains verification of the debt and mails such verification to the consumer. *Id*. § 1692g(b).

Here, the Aminas' claims under Section 1692g fail an initial hurdle. Namely, the Aminas do not allege that the statements they received from the Chase Defendants in 2017 and 2018 were "the initial communication" between them.[12] As such, the Aminas have failed to allege that Section 1692g applies to the statements they received in 2017 and 2018.

In addition, in light of the lengthy history between the Aminas and the Chase Defendants, going back as far as 2010, amendment cannot cure this deficiency, as in no sense can any of the communications the Aminas received from the Chase Defendants in 2017 and 2018 be considered the "initial communication" between them. The Aminas allege that they received the communications at issue here—mortgage loan statements from "Chase"—one of which was attached to the initial Complaint, in June 2017, October 2017, February 2018, and March 2018. It is simply implausible, if not impossible, that the June 2017 mortgage loan statement was the first communication the Aminas received from "Chase," *see Hernandez*, 829 F.3d at 1081, given that the October 2017 statement states that the Aminas'

_____

[12]As mentioned, for their FDCPA claims, the Aminas rely upon numerous separate statements they allegedly received in 2017 and 2018. Even if the Aminas had alleged that one of these statements was "the initial communication," which they have not, only the first of them could have been "the initial communication." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1081 (9th Cir. 2016) (holding that the "*first* communication" between a debt collector and a consumer must contain the validation notice required by Section 1692g(a)) (emphasis added).

mortgage loan payment had been due since October 2011.[13]   *See* Dkt. No. 1-1 at

82.   As such, the Court finds it clear that no amendment can change the fact that the

2017 and 2018 mortgage loan statements the Aminas received were not the initial

communication from "Chase" concerning their debt.

For this additional reason, the Aminas' FDCPA claims premised upon

Section 1692g are DISMISSED WITH PREJUDICE and without leave to amend.

**B.      Section 1692e(14)**

Section 1692e(14) provides that a debt collector makes a false, deceptive, or

misleading representation when it uses "any business, company, or organization

name other than the true name of the debt collector's business, company, or

organization."

The Aminas allege that Section 1692e(14) was violated because the mortgage

loan statements they received used the name "Chase," which, they allege, is not the

true name of the debt collector's business.   The Aminas allege that the true name

would be the name of one of the Chase Defendants.

Recently, the Supreme Court has explained that the "import [of Section

1692e(14)] is straightforward: A debt collector may not lie about his institutional

---

[13]In fact, to make that allegation here, the Aminas would have to contradict the FDCPA allegations they made in their first lawsuit, *Amina, et al. v. WMC Mortg. Corp. et al.*, Case No. 10-cv-00165-JMS-KSC.   In their first lawsuit from 2010, the Aminas alleged that a communication they received at that time–and hence, well before the 2017 and 2018 communications at issue here–was the "initial communication" for purposes of the FDCPA.   *See* Dkt. No. 43-5 at ¶ 185.

affiliation." *Sheriff v. Gillie*, 136 S.Ct. 1594, 1602 (2016). The Supreme Court, therefore, found that special counsel, acting on behalf of a State Attorney General, did not use a false name when special counsel used the Attorney General's letterhead, as the letters "accurately identif[ied] the office primarily responsible for collection of the debt (the Attorney General), special counsel's affiliation with that office, and the address (special counsel's law firm) to which payment should be sent." *Id.*

In light of *Sheriff*, even if the Aminas were afforded leave to amend their claims under Section 1692e(14), they could not plausibly allege that, in using the name "Chase," any of the Chase Defendants lied about their institutional affiliation. Instead, although the name "Chase" is not the full name of any of the Chase Defendants, the institutional affiliation is clear and clearly not a lie. The FAC suggests as much, given that the Aminas allege they responded to the mortgage loan statements by sending letters to Chase Home Finance LLC, JPMorgan Chase Bank, and JPMorgan Chase & Co. Moreover, the mortgage loan statement explains the various ways in which payment can be made, and provides contact information for various types of inquiry the reader may have, including where qualified written requests may be sent–an inquiry the Aminas allege they made. *See* Dkt. No. 1-1 at 81.

For this additional reason, therefore, the Aminas' FDCPA claims premised upon Section 1692e(14) are DISMISSED WITH PREJUDICE and without leave to amend.

### C.    Section 1692e(8)

Section 1692e(8) provides that a debt collector makes a false, misleading, or deceptive representation when it communicates or threatens to communicate to any person credit information which is known to be false, including the failure to communicate that a debt is disputed.

The Aminas allege that Section 1692e(8) was violated because the Chase Defendants failed to communicate to credit bureaus that the debt was disputed.   As explained earlier, the Aminas bring this claim three times.   However, only with respect to a letter they sent to the Chase Defendants on June 30, 2017 do the Aminas allege that they informed the Chase Defendants that the debt was in dispute.   *See* Dkt. No. 40 at ¶ 240.   Because the other two claims under Section 1692e(8) merely regurgitate the same formulaic language about the Chase Defendants failing to communicate the disputed nature of the debt, *see id*. at ¶¶ 252, 264, and thus, appear to be merely repetitive of the initial claim related to the June 30, 2017 letter, the Court does not further address those other claims.

As to the initial claim under Section 1692e(8), the Aminas do not allege that the Chase Defendants *threatened* to communicate to any person credit information

that was false.   Thus, the only basis for a Section 1692e(8) violation in this case is

communication between the Chase Defendants and credit bureaus (or vice versa) in

which the Chase Defendants failed to communicate that a debt was disputed.  *See*

*Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005) (explaining

that Section 1682e(8) "precludes the debt collector from communicating the

debtor's credit information to others without including the fact that the debt is in

dispute."); *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64, 67 (1st Cir. 1998)

(explaining that Section 1692e(8) "requires a debt collector who knows or should

know that a given debt is disputed to disclose its disputed status to persons inquiring

about a consumer's credit history.").

The Aminas do not allege, though, that the Chase Defendants made any

communication(s) with a credit bureau or that any credit bureau inquired with the

Chase Defendants about the Aminas' credit history.   The fact that the Aminas

received communications from the Chase Defendants in 2017 and 2018 is irrelevant

to this analysis.  *See Koller*, 2012 WL 1189481, at *5 (finding that the plaintiff

failed to state a claim because the plaintiff only alleged that the defendants

communicated with the plaintiff, rather than with a third party).   Moreover, because

the Aminas have been provided with an opportunity to correct the deficiencies in

their FDCPA claims, and have failed to do so with respect to whether one or more of

the Chase Defendants violated Section 1692e(8), the Aminas' claims under Section

1692e(8) are DISMISSED WITH PREJUDICE and without leave to amend.

## II.     <u>Cause Three – RESPA</u>

In their original Complaint, the Aminas alleged that the Chase Defendants

violated RESPA when they failed to respond to a qualified written request they sent

on November 7, 2017.   The Court found that the Aminas failed to state a plausible

claim because they failed to allege actual damages and other allegations appeared to

contradict that the Chase Defendants had violated RESPA.

In the FAC, the Aminas again allege that they sent a qualified written request

(QWR) to the Chase Defendants on November 7, 2017.   They further allege that the

Chase Defendants responded to their QWR on November 20, 2017 and December

11, 2017, and, on both occasions, requested more time to provide the information the

Aminas had requested.   They allege that they have received no other responses

from the Chase Defendants.   The Aminas allege that the Chase Defendants,

therefore, failed to respond to their QWR within 30 days as RESPA requires.   The

Aminas further allege that they have suffered damages because, in not receiving a

response to the QWR, they lack the correct information about the owner of their

loan, and thus, they were unable to make correct payments.   They also allege that

failing to make correct payments has resulted in them facing foreclosure,

out-of-pocket litigation costs and filing fees, and a loss of sleep.

The allegations of the FAC do not rescue this claim from dismissal. Even if the Court assumed that the Aminas had alleged a violation of RESPA, they have still failed to allege any actual damages arising from any such violation.[14] In the FAC, the Aminas rely on the unbelievable suggestion that the reason they are facing foreclosure and the reason they have not made payments on their mortgage loan is because, in late 2017, the Chase Defendants did not timely respond to their QWR. The Aminas, though, are more than fully aware of the fact that foreclosure and their failure to make payments on their mortgage began long ago. They alleged as much in both of their prior lawsuits.[15] Their attempt to re-write history in this regard in the FAC is simply implausible, and thus, fails to state a claim.

Moreover, because the Court has afforded the Aminas the opportunity to amend their allegations to plead actual damages, and the actual damages they have chosen to plead cannot be cured by amendment, their RESPA claim (Cause Three) is DISMISSED WITH PREJUDICE and without leave to amend.

## III. Cause Five – UDAP

---

[14]As the Court noted in the July 5, 2018 Order, to state a claim under RESPA, a plaintiff must allege, *inter alia*, actual damages resulting from the defendant's failure to comply with a provision of the statute. *See* Dkt. No. 32 at 34 n.21 (citing 12 U.S.C. § 2605(f); *Obeng Amponsah v. Chase Home Fin., LLC*, 2015 WL 4940462, at *1 (9th Cir. Aug. 20, 2015)).

[15]*See Amina, et al. v. WMC Mortg. Corp., et al.*, Case No. 10-cv-00165, Dkt. No. 87 at ¶¶ 99, 107, 115, 128; *Amina, et al. v. The Bank of New York, Mellon, et al.*, Case No. 11-cv-00714, Dkt. No. 60 at ¶¶ 32-1, 32-2, 33, 43.

In their original Complaint, the Aminas alleged violations of UDAP based upon (1) the recording of a forged assignment, and (2) the mailing of letters under the pseudonym "Chase." The Court dismissed the first alleged violation because the allegations were untimely, and did not allow leave to amend. As for the second alleged violation, although the Aminas provided no details regarding the alleged "important mailings" of letters and failed to allege how they were misled or suffered actual damages, the Court allowed leave to amend these allegations.

In their Amended Complaint, the Aminas abandon the allegations upon which their UDAP claim was premised in the original Complaint. Instead, they introduce, for the first time across any of their many pleadings in all of their lawsuits, a new character—Mr. Schneider. Given that the Aminas have still, over three months after filing the FAC, not provided an address for Schneider, it is hard to tell whether Schneider is a real or fictional character. Assuming he is a real person, however, the Aminas' UDAP claim must be dismissed because the Court did not grant them leave to add new parties, new claims, or new legal theories. *See* Dkt. No. 32 at 42. That is precisely, however, what the Aminas have done with Schneider. Namely, with respect to their UDAP claim, the Aminas now allege that the Chase Defendants acted deceptively or unfairly when they demanded and accepted money after a note was sold to Schneider or his businesses. This is an entirely new legal theory for the Aminas' UDAP claim.

Because the Aminas were not granted leave to amend their UDAP claim in this fashion, and because they have made no attempt to amend the allegations that formed the bases for their UDAP claim in the original Complaint, their UDAP claim (Cause Five) is DISMISSED WITH PREJUDICE and without leave to amend.

## IV.    Matters For Which Leave to Amend Was Not Granted

In the FAC, the Aminas allege causes of action that the Court has already dismissed with prejudice, allege new claims and/or legal theories, and add a new named defendant.    The Court addresses each of these matters below.

### A.    Cause One – Quiet Title

In the FAC, the Aminas yet again seek to quiet title to the Property in their favor.    On this occasion, they allege that this claim could not have been brought earlier because the loan in dispute was sold to an entity allegedly owned by Schneider.    As mentioned above, the Aminas were not granted leave to add new legal theories in the FAC.    Moreover, the Court dismissed with prejudice and without leave to amend the Aminas' quiet title claim in the July 5, 2018 Order.

As a result, the Court declines to consider the Aminas' latest attempt to quiet title to the Property,[16] and their quiet title claim remains dismissed.

---

[16]Although it has no bearing on the Court's decision with respect to Cause One, the Court notes that the Aminas fail to explain why they did not allege the purported sale of their disputed loan to Schneider and/or his businesses in the original Complaint.    Notably, in the FAC, other than alleging that the loan was sold to Schneider or his businesses after the filing of the operative

## B.    Cause Four – An Accounting

As in their original Complaint, and despite the Court's explanation in the July 5, 2018 Order that an accounting is not an independent claim for relief, in the FAC, the Aminas again title a cause of action as an "Accounting."   The Aminas premise their request for an accounting on an alleged fiduciary duty the Chase Defendants owed them and breached when the Chase Defendants accepted money from the Aminas after their loan was allegedly sold to Schneider or his businesses.   This claim, though, is premised on a new legal theory−the sale of a loan to Schneider or his businesses.

Because the Court did not grant leave for the Aminas to bring new legal theories in the FAC, and because the Court has already dismissed, as an independent cause of action, a claim for an accounting, the Court declines to consider the Aminas' latest attempt to obtain such relief, and their cause of action for an accounting remains dismissed.

## C.    Cause Six – TILA

In the July 5, 2018 Order, the Court dismissed with prejudice and without leave to amend the Aminas' claim under TILA against the Chase Defendants. Apparently not concerned with the import of such a ruling, in the FAC, the Aminas again allege a claim under TILA, only, this time, they assert it against Schneider.

complaint in their second lawsuit, the Aminas entirely fail to allege when Schneider came on the scene with respect to their loan.

Because neither leave to amend their TILA claim nor adding a new party was allowed in the July 5, 2018 Order, the Court declines to consider the Aminas' latest attempt to bring such a claim, and their TILA claim remains dismissed.

**D.    Schneider**

To the extent it has not already been made clear, in the FAC, the Aminas name a new defendant−Schneider.   For the final time, they were not granted leave to do this in the July 5, 2018 Order.   Therefore, the Court declines to consider any claim asserted against Schneider, and dismisses him from this case.

## CONCLUSION

For the reasons set forth herein and in the July 5, 2018 Order, the Chase Defendants' Motion to Dismiss the First Amended Complaint, Dkt. No. 43, is GRANTED, and this case is DISMISSED WITH PREJUDICE.   Nationwide Title Clearing Inc.'s Motion for Joinder, Dkt. No. 47, is DENIED AS MOOT.   The Clerk is instructed to enter Judgment, pursuant to this Order and the July 5, 2018 Order, in favor of all defendants.   The Clerk is then instructed to close this case.

IT IS SO ORDERED.

DATED: January 4, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge